**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01751-CMA-BNB

JESSE DOSHAY,

    Plaintiff,

v.

GLOBAL CREDIT COLLECTION CORPORATION, a Delaware corporation,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

---

This matter comes before the Court on Plaintiff Jesse Doshay's ("Plaintiff") Motion for Partial Summary Judgment as to Liability.  (Doc. # 22.)  Plaintiff alleges various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  For the following reasons, Plaintiff's Motion is granted.

### I. BACKGROUND

**A.**     **FACTS**

The following facts are undisputed, unless otherwise noted.

Prior to 2009, Plaintiff incurred a balance of approximately $1,150.41 on a Capital One credit card.  After the account went into default with the original creditor, it was placed with Defendant Global Credit Collection Corporation ("Defendant") for collection.  In an effort to collect on the debt, Defendant began to contact Plaintiff.

In the year preceding the initiation of this action, Defendant placed a series of telephone calls and voicemail messages with Plaintiff. At one point, Defendant's employee left the following voicemail message:

> Hi, this message is for Jesse Doshay. Jesse, my name is Matt and I'm calling in regards to a business matter of yours that is currently in my office. Jesse it is very important that I speak with you in regards to this matter. So if you can give me a call when you get this message . . . . Thank you very much for the immediate reply Jesse and I will be awaiting your call.

(Doc. # 22-1, ¶ 24.)

Shortly after receiving the voicemail message, Plaintiff and Defendant engaged in a telephone conversation regarding the account. Although the Court's analysis does not turn on this conversation, Plaintiff disputed the account and requested that Defendant cease all further communication efforts.

**B.    PROCEDURAL HISTORY**

On July 23, 2010, Plaintiff filed a Complaint against Defendant for violations of the FDCPA. (Doc. # 1.) Plaintiff then filed a Motion for Partial Summary Judgment on the issue of liability on February 28, 2011. (Doc. # 22.) Defendant responded on March 17, 2011, (Doc. # 24) and Plaintiff replied on March 31, 2011. (Doc. # 33.)

## II.  STANDARD OF REVIEW

A motion for partial summary judgment is resolved under the same standard as a motion for summary judgment. *See Franklin v. Thompson*, 981 F.2d 1168, 1169 (10th Cir. 1992). Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c).  In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Id.* at 670-71.  In attempting to meet that standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see also Alder*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment).  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.  *Anderson*, 477 U.S. at 256.  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of

3

trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.  ANALYSIS

**A.  FDCPA VIOLATIONS**

Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Santacruz v. Standley & Assocs., L.L.C.*, 2011 WL 1043338, No. 10-cv-00623, at *3 (D. Colo. Mar. 17, 2011) (unpublished) (quoting 15 U.S.C. § 1692e). Relevant to the present case, a debt collector contacting a consumer must provide "meaningful disclosure of the caller's identity," inform the consumer that he or she is a debt collector, and that the purpose of the communication is to collect on a debt. 15 U.S.C. §§ 1692d(6), 1692e(11). Because the FDCPA "is a strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment. *Santacruz*, 2011 WL 1043338 at *3 (citing *Sowers v. Wakefield & Assocs.*, No. 09-cv-02873, 2010 WL 3872901, at *3 (D. Colo. Sept. 29, 2010) (unpublished) (internal

citation omitted)).  Accordingly, although Plaintiff alleges numerous statutory violations, the Court need only address one violation.

      1.     <u>The Voicemail Message</u>

15 U.S.C. § 1692d(6) provides that all debt collectors provide meaningful disclosure of their identity when communicating with consumers by telephone. Meaningful disclosure requires that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call.[1] *See Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007). Complimenting 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692e(11) provides that the debt collector must disclose that the communication is from a debt collector and that the debt collector is trying to collect a debt.  *Id.* at 1076.  Plaintiff alleges that the voicemail message left by Defendant violated these provisions.  The Court agrees.

The FDCPA defines "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2). Thus, a voicemail message qualifies as a communication.  *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 634, 657-58 (S.D.N.Y. 2006) (stating that a voicemail message requesting a return call regarding business matters qualifies as a "communication" within the meaning of the FDCPA); *Ramirez v. Apex Fin. Mgmt., L.L.C.*, 567 F. Supp. 2d 1035, 1041- 42 (N.D. Ill. 2008) (*same*); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) (*same*).

---

[1] A debt collector may omit such a meaningful disclosure when the communication is with "any person other than the consumer for the purpose of acquiring location information about the consumer." 15 U.S.C. § 1692b.

Defendant admits to leaving the voicemail message; Defendant has not disputed the accuracy of the message and has failed to address any of Plaintiff's arguments on the issue. (Doc. # 24, ¶ 22.) Plaintiff revealed that Defendant's employee neither identified himself as a debt collector nor articulated that the purpose of the voicemail message was to collect a debt. (Doc. # 22-1, ¶ 24.) Thus, there is no genuine issue of material fact in dispute. Because the voicemail message lacked meaningful disclosure as required by 15 U.S.C. §§ 1692d(6) and 1692e(11), partial summary judgment as to liability should be granted. As discussed, the FDCPA is a strict liability statute, therefore the Court need not address the other alleged violations at this juncture.

## IV. CONCLUSION

Accordingly, based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Partial Summary Judgment on the issue of liability (Doc. # 22) is GRANTED.

2. This matter shall proceed to jury trial on the issue of damages only.

DATED: July   06  , 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge